UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FIRST MERIT BANK, NA, | ) |
| Plaintiff, | ) |
| v. | ) 13 C 3 |
| DANIEL N. FRASCA, | ) Judge George M. Marovich |
| Defendant/Third-Party Plaintiff, | ) |
| v. | ) |
| ROBERT WOLKOFF, | ) |
| Third-Party Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

After plaintiff First Merit Bank N.A. ("First Merit") filed against defendant Daniel N. Frasca ("Frasca") a lawsuit in which it alleged Frasca had breached a guaranty, Frasca filed a third-party claim against Robert Wolkoff ("Wolkoff"). Wolkoff has filed a motion to dismiss the third-party claim against him on the grounds that the claim is not ripe. For the reasons set forth below, the Court grants in part and denies in part the motion to dismiss.

**I.    Background**

In First Merit's complaint against Frasca, First Merit alleges that in May 2008, Isabella Northfield LLC executed a note (the "Isabella Northfield note") to evidence a loan in the amount of $3,974,000. At the same time, defendant Frasca executed a guaranty, pursuant to which Frasca guaranteed payment on the Isabella Northfield note. First Merit alleges that Frasca breached the guaranty by failing to pay after Isabella Northfield LLC defaulted.

Frasca then filed a third-party complaint against Wolkoff. In his third-party complaint, Frasca alleges that several people, including Frasca and Wolkoff, executed an Operating

Agreement of Isabella Northfield LLC (the "Operating Agreement"). The Operating Agreement states, in relevant part:

> 12.4 <u>Indemnification Obligation of Wolkoff, Frasca</u>. If any lender requires Wolkoff and/or Frasca to personally (i) guaranty all or any portion of any amounts borrowed by the Company pursuant to any Loan Documents; . . . then each of Wolkoff and Frasca shall indemnify, and hereby agree to pay, discharge, defend and hold harmless, the other for fifty percent (50%) of any and all payments, losses, costs and expenses incurred as a result of any such guaranties or indemnification . . .

(Operating Agreement at p. 18). Among other things, Frasca alleges in his third-party complaint that he "is now incurring damages, including the costs of defending this action and will incur additional damages so long as this action continues, including the possibility of a judgment and costs." (Third-party Complt. ¶ 11).

## II. Discussion

Wolkoff argues that the third-party complaint should be dismissed as unripe, because there is not yet a judgment for Frasca to pay and, therefore, nothing to indemnify. The Court agrees with the premise that the duty to indemnify should generally not be considered until after the underlying liability has been determined. *Lear Corp. v. Johnson Electric Holdings, Ltd.*, 353 F.3d 580, 583 (7th Cir. 2003) ("We regularly say that decisions about indemnity should be postponed until the underlying liability has been established.").

Still, it does not follow that all of Frasca's third-party claim against Wolkoff should be dismissed. As Frasca points out, the indemnification clause Frasca seeks to enforce also states that Wolkoff will *defend* Frasca. (Operating Agreement at 18) ("each of Wolkoff and Frasca shall indemnify, and hereby agree to pay, discharge, *defend* and hold harmless, the other for fifty percent (50%) of any and all payments, losses, costs and expenses incurred as a result of any such guaranties or indemnification") (emphasis added). The duty to defend ripens as soon as the

underlying suit is filed. *Medline Industries, Inc. v. Ram Medical, Inc.*, 892 F. Supp.2d 957, 965 (N.D. Ill. 2012) ("a claim for breach of duty to defend is ripe during the pendency of the underlying suit") (citing *Lear*, 353 F.3d at 583).

Thus, the Court will dismiss only that portion of Frasca's third-party claim that seeks indemnification. That portion is dismissed without prejudice. The portion of Frasca's third-party claim that seeks to enforce the duty to defend may proceed now.

## III. Conclusion

For the reasons set forth above, the Court grants in part and denies in part the motion to dismiss Frasca's third-party complaint.

        ENTER:

        _____
        George M. Marovich
        United States District Judge

DATED: July 23, 2013