UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FIRSTMERIT BANK, N.A., a national )
banking association, as successor in interest )
to the FDIC, as receiver for Midwest Bank )
and Trust Company, )
)
       Plaintiff, )
) No. 13 C 3
  v. )
) Judge George M. Marovich
)
DANIEL N. FRASCA, )
)
       Defendant. )

**MEMORANDUM OPINION AND ORDER**

Plaintiff FirstMerit Bank, N.A. ("FirstMerit"), a national banking association, as successor in interest to the FDIC, as receiver for Midwest Bank and Trust Company, filed a complaint against defendant Daniel N. Frasca ("Frasca") to enforce a guaranty.[1] FirstMerit has filed a motion for summary judgment against defendant Frasca, and Frasca has failed to respond. For the reasons set forth below, the Court grants the motion for summary judgment as to the merits but denies it as to the damages.

**I.    Background**

Local Rule 56.1 outlines the requirements for the introduction of facts parties would like considered in connection with a motion for summary judgment. As the Court notes on its website, the Court enforces Local Rule 56.1 strictly. To be considered, facts must be included in

---

[1] The Court has diversity jurisdiction over this case, because plaintiff FirstMerit is a citizen of Ohio, defendant Frasca is a citizen of Illinois, and the amount in controversy is greater than $75,000.00.

a party's statement of undisputed facts. Facts argued in briefs but not included in a party's statement of undisputed facts are not considered by the Court, because to do so would rob the other party of his or its opportunity to show such facts are disputed. Local Rule 56.1 states that "[a]ll material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." Local Rule 56.1(b)(3)(C).

In this case, defendant Frasca did not respond to plaintiff's statement of undisputed facts. Accordingly, those facts are deemed admitted. Accordingly, the following facts are undisputed.

On or about May 15, 2008, Isabella Northfield, LLC ("Isabella" or the "Borrower") executed a note (the "Isabella Note") to evidence a construction loan in the amount of $3,974,000.00. The Isabella Note sets out an interest rate of 6% and a default interest rate of 11%. (Isabella Note at 1, 3). At about the same time that Isabella executed its note, Frasca executed a guaranty (the "Frasca Guaranty"), pursuant to which he guaranteed a portion of the "Indebtedness" evidenced by the Isabella Note. The Isabella Note and the Frasca Guaranty are now owned by FirstMerit.

The Frasca Guaranty states, in relevant part:

1. <u>Guaranty</u>. Guarantor absolutely, unconditionally and irrevocably guarantees to Lender:

(a) The full and prompt payment when due, whether at stated maturity, upon acceleration or otherwise, and at all times thereafter, of any and all debts, liabilities and obligations of the Borrower for the payment of money to Lender under or related to the Loan, however created, arising or evidenced, whether direct or indirect, absolute or contingent, now or hereafter existing, due or to become due, known or unknown to Guarantor at the time of the execution of this Guaranty, including, without limitation, all debts, liabilities and obligations of Borrower to Lender under the Note, the Loan Agreement or any of the other Loan Documents, plus interest at the Default Rate under the Note, from and after demand from Lender to Guarantor for payment;

(b) The full and prompt payment upon demand by Lender of all amounts required to be paid pursuant to the Mortgage or the Loan Agreement with respect to the Project . . .

(c) The full and prompt payment upon demand by Lender of all amounts required by Lender under the Loan Agreement to keep the loan in balance;

(d) The payment of all Enforcement Costs (as hereinafter defined);

\* \* \*

All amounts due, debts, liabilities and payment obligations described in subparagraphs (a), (b), (c) and (d) of this Paragraph 1 are referred to herein as the "Indebtedness." . . . Guarantor's liability under this Guaranty with respect to the Indebtedness shall not exceed twenty-five percent (25%) of the original Loan amount, plus interest on the foregoing at the default rate under the Note after written demand from Lender to Guarantor for payment, plus all Enforcement Costs.

2. <u>Lender's Remedies</u>. (a) During the continuance of an Event of Default by Borrower under the Note, Mortgage, Loan Agreement or any of the other Loan Documents, Guarantor agrees, on written demand by Lender, to pay all sums guaranteed or due hereunder regardless of any defense, right of set-off or claims which Borrower or Guarantor may have against Lender. This is an absolute, irrevocable, present and continuing guaranty of payment and not of collection.

\* \* \*

7. <u>Enforcement Costs</u>. If . . . this Guaranty, the Note or any Loan Document is placed in the hands of one or more attorneys for collection or is collected through any legal proceeding; . . . then Guarantor shall pay to Lender upon demand all reasonable attorneys' fees, costs and expenses, including, without limitation, court costs, filing fees . . . and all other costs and expenses incurred in connection therewith (all of which are referred herein as "Enforcement Costs") . . .

Frasca Guaranty at 1, 2, 5.

In January 2010, the Borrower and Frasca executed documents that extended the maturity of the Isabella Note to May 5, 2010. Later, the parties agreed to extend the maturity of the Isabella Note to May 5, 2012.

Ultimately, the borrower defaulted. On May 5, 2011, the Borrower failed to make a payment on the Isabella Note. The next day, on May 6, 2011, FirstMerit sent notice to the Borrower and Frasca that the Note was in default. When the Note matured on May 5, 2012, Borrower failed to pay the remaining principal balance.

In the meantime, Frasca has not made any payment to FirstMerit. As of April 28, 2013, the outstanding principal balance was $650,000.00 and the accrued interest (at the default rate) was $420,186.11. Interest has continued to accrue at $198.61 per day. FirstMerit has incurred enforcement costs of $37,770.70.

## II. Summary Judgment Standards

Summary judgment should be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law" Fed. R. Civ. P. 56(a). When considering a motion for summary judgment, the Court must construe the evidence and make all reasonable inferences in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Brummett v. Sinclair Broadcast Group, Inc.*, 414 F.3d 686, 692 (7th Cir. 2005).

## III. Discussion

"A guaranty, of course, is a contract, so we apply general rules of contract interpretation to the dispute." *AAR Aircraft & Engine Group, Inc. v. Edwards*, 272 F.3d 468, 470 (7th Cir.

2001) (citing *McLean Cty. Bank v. Brokaw*, 119 Ill.2d 405, 412 (Ill. 1988)). Under Illinois law, "a guaranty is a legally enforceable contract that must be construed according to its terms, so long as they are clear and unambiguous." *Federal Dep. Ins. Corp. v. Rayman*, 117 F.3d 994, 998 (7th Cir. 1997). Waivers of defenses, within a guaranty, are enforceable under Illinois law. *See Chrysler Credit Corp. v. Marino*, 63 F.3d 574, 577 (7th Cir. 1995).

In this case, FirstMerit has put forth undisputed evidence that defendant Frasca breached the Frasca Guaranty. FirstMerit put forth undisputed evidence that Frasca executed the Frasca Guaranty, which states that Frasca "absolutely, unconditionally and irrevocably guarantees . . . [t]he full and prompt payment when due . . . of any and all debts, liabilities and obligations of the Borrower . . . . plus interest at the Default Rate under the Note, from and after demand from Lender to Guarantor for payment." FirstMerit has put forth undisputed evidence that the Borrower defaulted and that FirstMerit gave notice to Frasca on May 6, 2011. Accordingly, FirstMerit has shown that Frasca breached the guaranty.

FirstMerit has also shown that Frasca's affirmative defense fails as a matter of law. Frasca, in his answer, asserted the defense of failure to mitigate. Frasca, however, agreed "to pay all sums guaranteed or due hereunder *regardless of defense*, right or set-off or claims which Borrower or Guarantor may have against Lender." (Frasca Guaranty at 2) (emphasis added). Such waivers of defenses are enforceable under Illinois law. *Chrysler Credit Corp. v. Marino*, 63 F.3d 574, 577 (7th Cir. 1995). Thus, Frasca's affirmative defense fails as a matter of law.

FirstMerit has, thus, shown that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law as to the merits of its claim for breach of guaranty against Frasca. Thus, the Court grants summary judgment to FirstMerit on the merits of its claim.

Next, the Court turns to the matter of damages. The terms of the guaranty limit Frasca's liability. The Frasca Guaranty states that Frasca's "liability under this Guaranty with respect to the *Indebtedness* shall not exceed twenty-five percent (25%) of the original Loan amount, *plus* interest on the foregoing at the default rate under the Note *after written demand* from Lender to Guarantor for payment, *plus* all Enforcement Costs." (Frasca Guaranty at 2) (emphasis added). "Indebtedness" is the amount due under Paragraph (1) parts (a)-(d) of the Frasca Guaranty. FirstMerit does not explain how damages are to be calculated based on the language in the Frasca Guaranty. FirstMerit did, however, ask for the opportunity to file a subsequent submission to establish the amount of liability. That request is granted.

IV.     **Conclusion**

For the reasons set forth above, the Court grants plaintiff's motion for summary judgment on the merits but not as to damages. The Court grants plaintiff 56 days in which to file a motion for summary judgment as to damages.

ENTER:

/s/ George M. Marovich

George M. Marovich
United States District Judge

DATED: December 17, 2013